HORD, Prosecuting Attorney, on the Relation of STANLEY and Others, *v.* ELLIOTT and Others.

TURNPIKE.— *County Commissioners.*— *Jurisdiction.*— *Information.*— Where at any time before final action of the board of county commissioners upon a petition to organize a turnpike company under the act of 1865, a number of the petitioners, sufficient to reduce the quantity of land represented by the remaining petitioners to less than three-fifths of all the lands within three-fourths of a mile of the proposed road, file a written withdrawal of their names from the petition, and the commissioners, disregarding such withdrawal, entertain jurisdiction and grant permission to organize the company, an information will lie to impeach the legal corporate existence of the company organized under such authority.

APPEAL from the Fayette Circuit Court.

ELLIOTT, J.—The principal question presented in the case is raised by the decision of the circuit court in sustaining the motion of the appellees to strike from the complaint, or information, the first, second, third, fourth, fifth, sixth, and seventh specifications, or grounds, upon which the information was based.

The object of the information was to test the legal corporate existence of the Alquina and Springersville Turnpike Company, an association claiming to be legally organized as a corporation, under the act of 1865, to allow county commissioners to organize turnpike companies, &c. The information shows that, at the time the petition was presented by the appellees to the board of county commissioners, asking a permit to organize said turnpike company, it

contained the names of Samuel Brown, John Newland, Lydia Swisher, Thomas N. Jackson, John Walker, and George P. Lyons, who were the owners of six hundred and twenty-seven acres of land within three-fourths of a mile of the proposed road, and that the other petitioners did not own three-fifths of all the land lying within three-fourths of a mile thereof; that during the pendency of the petition, and before the same had been finally acted upon or disposed of, said Brown, Newland, Swisher, Jackson, Walker, and Lyons, filed in said commissioners' court a written withdrawal of their names from said petition, objected to being longer considered as petitioners, and asked that their names might be stricken from the petition. But the commissioners denied the request, disregarded the written withdrawal of the names of said parties, and held them as petitioners, in determining that the petitioners were the owners of three-fifths of all the lands within three-fourths of a mile on each side of the proposed road. These facts are relied on as reasons why said company had no legal existence as a corporation, in the second and third specifications of the complaint. It is conceded that the commissioners have no jurisdiction or power to authorize the organization of a corporation under the act, except upon the petition of persons representing three-fifths of all the lands within three-fourths of a mile of the proposed road. But it is argued, in support of the action of the circuit court, that although the existence of this fact is essential to the jurisdiction of the commissioners over the subject, and notwithstanding the commissioners' court is an inferior court of limited jurisdiction, still, as the record shows affirmatively that it appeared to their satisfaction that the petitioners did represent more than three-fifths of all the lands within the designated limits, the finding of that fact by the commissioners is conclusive upon the parties in this case. It may be regarded as settled, that when the jurisdiction depends upon a fact to be passed upon by the court, and jurisdiction has been exercised, the record being silent as to the fact, if

the court is one of superior jurisdiction, the legal presumption is that the existence of the fact upon which the jurisdiction depends has been found by the court; and this presumption is conclusive in a collateral proceeding. *Dequindre* v. *Williams*, 31 Ind. 444. But if the court is one of inferior and limited jurisdiction, the record of its proceedings must affirmatively show the existence of all the facts upon which the jurisdiction depends, or the proceeding is a nullity. But when the existence of the jurisdictional facts do so appear, the record is conclusive against collateral attacks. Whether the information in this case is to be regarded as a direct proceeding to impeach the authority granted by the board of commissioners for the formation of the company as a corporation, or only as a collateral proceeding, we need not determine, for the reason that it is not necessarily involved in the case. The error complained of in the proceedings of the commissioners is not an error of fact, but of law. It is not that they erred in finding that the persons whose names were to the petition, when filed, represented more than three-fifths of all the lands within three-fourths of a mile of the proposed road, for such was the certificate of the county auditor; but the complaint is, that the commissioners erroneously entertained jurisdiction of the petition and granted the permit for the organization of the company, after the appellants had filed a written withdrawal of their names from the petition, and thereby reduced the quantity of land represented by the remaining petitioners to less than three-fifths of the lands within three-fourths of a mile of the proposed road.

There can be no question of the right of the appellants to dismiss the petition, as to themselves, or to withdraw their names from it, at any time before the final action upon it by the board. The written withdrawal of their names was, in effect, a dismissal of the petition as to them. It was an error of law in the commissioners to deny the appellants' right to so withdraw, and to regard them as petitioners afterwards.

It is stated in the second and third specifications of the information, stricken out by the court, that the remaining petitioners did not represent three-fifths of the lands within three-fourths of a mile of the proposed road; indeed, the record of the board of commissioners, which is made a part of the information, shows that the appellants offered to prove that fact, but the evidence was refused, on the ground that the appellants could not withdraw, as petitioners, after the petition was filed. It was by this error of law that the commissioners maintained jurisdiction and granted the authority for the organization of the company, and not an error as to the existence of a jurisdictional fact.

The proposition, that jurisdiction wrongfully assumed upon a misapprehension or misconstruction of the law cannot be maintained, is too clear for argument.

We think the court erred in striking out the second and third specifications of the information; and for that error the judgment must be reversed.

Judgment reversed, with costs, and the cause remanded, with directions to the court below to overrule the motion to strike out the second and third specifications of the information, and for further proceedings.

*B. F. Claypool,* for appellants.

*J. C. McIntosh,* for appellees.