No. 13,674.

## BLACK ET AL. *v.* CAMPBELL ET AL.

FREE GRAVEL ROAD.—*Petition.*—*Addition and Withdrawal of Names.*—*Board of Commissioners.*—*Estoppel.*—In a proceeding for the establishment of a free gravel road, the question as to whether the petition has been signed by the prescribed majority of land-owners remains an open one until the board of commissioners proceeds to consider and act upon the report of the viewers, which has been submitted, and until that time the names of persons may be added to the petition at their pleasure, and the names of persons who have signed it may be withdrawn therefrom by leave of the board, which ought not to be refused on reasonable terms, except for good cause shown, in the nature of an estoppel.

SAME.— *Withdrawal of Names Must be Made Before Petition is Finally Passed Upon.*—In such a proceeding the withdrawal of names from the petition after it has been filed is a dismissal of the proceeding as to them, and such withdrawal must be made before a decision is announced upon the merits of the petition.

SAME.—*Appeal to Circuit Court.*—*De Novo Proceeding.*— *Waiver.*—Upon an appeal to the circuit court from an order of the board of commissioners establishing a free gravel road, the appellants, whose motion before the board for leave to withdraw their names from the petition was overruled, may treat such motion as pending in the circuit court, or may, at their option, enter a similar motion *de novo* in that court, and the right to enter such motion on appeal is not waived by a prior motion made in the higher court to dismiss the proceedings on account of a lapse of jurisdiction over the subject-matter.

From the Carroll Circuit Court.

*J. Applegate* and *C. R. Pollard,* for appellants.

*L. D. Boyd,* for appellees.

NIBLACK, J.—This was an application to the board of commissioners of the county of Carroll for the location and construction of a free gravel road in that county, under the provisions of the act of March 3d, 1877, R. S. 1881, section 5091, *et seq.* The petition was signed by Samuel W. Black and a large number of other resident freeholders of the county, claiming to be a majority of land-owners interested

in, and to represent a majority of the acres of land which would be benefited by, the proposed improvement.

The application was made at the June term, 1884, at which viewers and an engineer were appointed and ordered to meet and proceed to the discharge of their duties on the 6th day of the ensuing month of October. At the next regular session in September, 1884, no order of continuance, or other order of any kind in the cause, was made; but at a special session held in that month, it was ordered that the time for the meeting of the viewers and engineer should be postponed úntil the 6th day of the succeeding November. On that day the viewers and engineer met, and, after qualifying, proceeded to make an examination of the proposed line of road. On the 9th day of the following December they made a report favorable to the prayer of the petitioners. Francis Thomson and others thereupon remonstrated against the construction of the road, and the matter was continued until the March term, 1885, during which the report was confirmed and the necessary order made to carry its recommendations into effect.

After the report of the viewers and engineer was filed, but before it was acted on by the board of commissioners, Albert Campbell and about twenty others, who had signed the petition, filed a written motion asking to have their names struck off and withdrawn from the petition for the alleged reason that the petition had been changed in a material respect after they had signed it, offering at the same time to pay their proportion of the costs which had already accrued, but their motion was overruled, and their names were taken into account by the board in estimating the number of persons who had signed the petition. Emma Campbell and perhaps nine or ten others, who had signed the petition, in like manner and for a similar reason asked to have their names struck off and withdrawn from the petition, but their motion was also overruled, and their names were likewise counted at the hearing of the report as persons who had signed the petition.

The remonstrants, including Thomson, appealed to the circuit court, where they moved to dismiss the petition upon the ground that, by reason of the failure of the board of commissioners to make any order in the cause at its September term, 1884, as stated, the jurisdiction of that tribunal over the subject-matter of the proceeding had lapsed, and that hence the circuit court had no jurisdiction to hear and determine the controversy sought to be continued by the appeal. That motion was sustained, and the judgment of dismissal which ensued was reversed by this court. See *Black* v. *Thomson,* 107 Ind. 162.

After the cause was remanded to the circuit court, Albert Campbell and those who had joined with him, and Emma Campbell and those who had united with her, respectively renewed their motions for leave to have their names struck off and withdrawn from the petition, and, as preliminary to the decision of those motions, it was agreed that if the motions should be sustained the remaining names would not constitute a majority of the resident land-owners of the county whose lands were to be benefited and assessed, and would not be the owners of a majority of the whole number of acres of land to be so benefited and assessed; but if the motions should be overruled, and the names of the dissatisfied persons should be counted, there would be found to be the requisite majority of names to the petition, and hence enough to authorize the court to order the construction of the contemplated road in accordance with the provisions of section 5095, R. S. 1881.

Upon this agreed statement of facts, and upon a full consideration of the matters before it, the circuit court sustained the motions and permitted the names indicated to be struck off and withdrawn from the petition, and refused to order the construction of the road, as prayed for by the remaining petitioners.

A reversal of these proceedings is sought upon the claim that, under the circumstances, the circuit court had no power

to allow a part of the petitioners to withdraw their names, as it assumed to do, and that if it had the power its exercise, in the manner and at the time stated, was against right and justice, and consequently erroneous.

The petition of five land-holders whose lands will be assessed is sufficient to confer upon the board of commissioners jurisdiction over the preliminary proceedings looking to the establishment and construction of a free gravel or turnpike road. R. S. 1881, section 5092.

The petition of that number of interested land-holders authorizes the appointment of viewers and a surveyor or engineer, an examination and survey of the proposed line of road, and a report upon the expediency and public utility of the enterprise. R. S. 1881, sections 5093, 5094.

It is not until after the viewers and surveyor or engineer have reported that the crucial and jurisdictional test arises as to whether the requisite majority have signed a petition praying that the improvement in question may be made.

Section 5095 confers upon the board authority, after the report has been submitted, to order the improvement to be made if, in its opinion, the work will be of public utility, but provides that " such order shall not be made until a majority of the resident land-holders of the county, whose lands are reported as benefited and ought to be assessed, and, also, the owners of a majority of the whole number of acres of all lands that are reported as benefited and ought to be assessed, shall have subscribed the petition mentioned " in section 5092, above cited.

We construe this provision, when taken in connection with the context, to mean that the question as to whether the prescribed majority of land-holders have signed the petition for the improvement remains an open question until the board proceeds to consider and to act upon the report which has been submitted to it, and that until that time the names of persons may be added to the petition at their pleasure, and the names of persons who have signed it may be withdrawn

by leave of the board, which ought not to be refused on reasonable terms, except for good cause shown, in the nature of an estoppel.    *Hord* v. *Elliott,* 33 Ind. 220.

It is not authoritatively known what lands will be benefited and ought to be assessed until the report of the viewers and surveyor or engineer has been submitted, and hence it can not be with certainty determined who are, and who are not, competent petitioners until after the report has been made ; hence the petition ought to remain open to amendment and to readjustment until the time arrives for an ultimate decision upon its sufficiency to authorize the confirmation of the report.

In a case like this, the withdrawal of a part of the names attached to a petition, after it has been filed, is simply a dismissal of the proceeding as to them, and, therefore, such withdrawal must be made before a decision is announced upon the merits of the petition.    R. S. 1881, section 333.

In special proceedings of the class to which this belongs, the rules of civil practice prevail, except when it is otherwise provided, or when they are plainly inapplicable.    *Hedrick* v. *Hedrick,* 55 Ind. 78 ; *Goodwin* v. *Smith,* 72 Ind. 113 ; *Stoddard* v. *Johnson,* 75 Ind. 20 ; *Stockwell* v. *Brant,* 97 Ind. 474 ; *Crume* v. *Wilson,* 104 Ind. 583 ; *Robertson* v. *State, ex rel.,* 109 Ind. 79.

If the dissatisfied petitioners had not moved for leave to strike off and withdraw their names before the board ruled upon the sufficiency of the petition, their right to so move would have been waived ; but their motions having been entered in time, and the proceedings upon, and subsequent to, their entry having been suspended by the appeal, the movers were entitled to treat the motions as pending motions in the circuit court, or to enter similar motions *de novo* in that court, at their option ; and when the cause was remanded from this court, it stood in that respect in the circuit court just as it did when it first reached that court by the appeal from the board.    The proceedings being *de novo*

in the circuit court, a bill of exceptions signed by the board of commissioners would have perpetuated nothing, nor have brought up anything for review which occurred before the board. *Black* v. *Thomson, supra.*

But it is contended that as the dissatisfied petitioners permitted the remonstrants in the first instance to move in the circuit court to dismiss the petition, for the alleged lapse of jurisdiction in the board of commissioners, and allowed the cause to be then disposed of upon that motion, their right to thereafter press their motions to have their names struck off and withdrawn was thereby waived, and that, in consequence, they could not be renewed after the cause was remanded from this court.

The motion of the remonstrants raised the question of the jurisdiction of the court over the subject-matter of the action, and that gave it precedence over a motion to withdraw names from the petition, or any other motion which impliedly affirmed the jurisdiction of the court. Besides, there was no inconsistency or antagonism between the two motions. There was, therefore, no waiver of any right on the part of those who desired to have their names withdrawn, and there was nothing involved in the former appeal which in any way affected, much less concluded, that right. The proceedings now complained of were entirely subsequent to those first appealed from, and raise very different questions, both of practice and of legal construction, which are open to review at the present hearing. Buskirk Practice, 371; *Dodge* v. *Gaylord,* 53 Ind. 365; *Test* v. *Larsh,* 76 Ind. 452; *Gerber* v. *Friday,* 87 Ind. 366; *Jones* v. *Castor,* 96 Ind. 307.

The conclusion reached in this case, as to the time and the circumstances under which names may be withdrawn from the petition, is not in conflict with either the case of *Forsythe* v. *Kreuter,* 100 Ind. 27, or that of *Crume* v. *Wilson,* 104 Ind. 583, above cited. The first of these was a highway case, and the latter was a case for drainage. In both of these cases notice of the presentation of the petition was

required, and the sufficiency of the petition as a jurisdictional question had to be considered and ruled upon before appointing viewers in one case, and before referring the subject-matter of the petition to the drainage commissioners in the other.  In this case notice was neither given nor required until after the viewers and an engineer were appointed and the time for their meeting was fixed, and for the reasons given no question arose as to the ultimate sufficiency of the petition until after the report of the viewers and engineer had been made.  Up to that time all the proceedings were merely preliminary to the ultimate sufficiency of the petition as stated.  See section 5092, R. S. 1881, *supra*.

The judgment is affirmed, with costs.

Filed Oct. 15, 1887.