CURRENT ET AL. *v.* CURRENT ET AL.

[No. 10,169.    Filed January 28, 1920.]

1   HIGHWAYS.—*Opening and Vacating.—Petitions For.—Withdrawal of Names.—General Rule Applicable.—*The general rule, that persons signing a petition have the right to withdraw their names therefrom before the tribunal created by law to receive and consider such petition has acted thereon, is applicable to proceedings to open and vacate public highways. p. 365.

2.   HIGHWAYS.—*Opening and Vacation.—Petition.—Filing Written Withdrawals of Names.—Record.—Effect.—*Where, before jurisdiction was assumed, petitioners for a change in a public highway, by vacating a road and opening another, under §7649 Burns 1914, Acts 1905 p. 521, §1, duly filed a written withdrawal of their names from said petition, such withdrawal thereby became part of the record in the proceeding, and the board of commissioners

was bound to take notice of the same in determining its jurisdiction. p. 366.

3. HIGHWAYS.—*Proceedings by Petition.—Withdrawal of Names.—Appearance and Objection.—Jurisdiction.*—Where in a proceeding for change of highway begun by petition, a withdrawal of names from the petition had been timely filed by certain petitioners, their subsequent appearance before the board of commissioners at the time of the presentation of the petition and afterwards before jurisdiction was assumed, and calling attention to such withdrawal as a basis for their objection to the sufficiency of the petition to confer jurisdiction, was timely, and rendered such objection effective, regardless of any other notice of the fact on which the same was based. p. 366.

4. HIGHWAYS.—*Proceedings by Petition.—Jurisdiction.*—In a proceeding to change a highway upon petition, where withdrawals of names had been timely filed by enough petitioners to reduce the number remaining below the requirement of the statute, the board of commissioners was thereafter without jurisdiction to proceed with the matter. (*State* v. *Gerhardt* [1896], 145 Ind. 439, distinguished.) p. 366.

5. HIGHWAYS.—*Proceeding by Petition.—Lack of Jurisdiction.—Dismissal of Petition by Circuit Court.*—Where the board of commissioners had no jurisdiction of a proceeding to change a highway, by reason of an insufficient number of petitioners therefor, and such insufficiency is urged on appeal to the circuit court, it is the duty of the court to dismiss the petition. p. 366.

From Henry Circuit Court; *Luther E. Pence,* Special Judge.

Proceeding for change of public highway petitioned for by Orpha Current and others. From a judgment dismissing an appeal from an order of the board of commissioners, Henry L. Current and others appeal. *Reversed.*

*Evans & DeWitt,* for appellants.

*George M. Barnard* and *Paul Brown,* for appellees.

BATMAN, J.—This is a proceeding begun before the board of commissioners of Henry county, under §7649 Burns 1914, Acts 1907 p. 443, to change a public highway, by vacating a certain road and opening a new

one. The record, briefly stated, discloses that on November 11, 1916, appellee and sixteen other persons duly filed their petition for such change, together with proofs of notice; that thereupon seven of said petitioners filed a written withdrawal of their names from said petition, leaving thereon fewer than twelve names; that at such time, and afterwards before jurisdiction was assumed, appellants appeared before the board of commissioners and challenged the ·sufficiency of the petition on the ground, among others, that it did not contain a sufficient number of petitioners to confer jurisdiction; that the board of commissioners disregarded the fact of such withdrawals, overruled the objections of appellants based thereon, and thereafter, at its December session in said year, assumed jurisdiction by appointing viewers, whose majority report . was approved and adopted, resulting in the entry of an order for the change in the highway, as prayed in the petition; that appellants thereupon appealed to the Henry Circuit Court, where they renewed their objections to the sufficiency of the petition to confer jurisdiction, based on the same grounds urged before the board of commissioners, but the court overruled such objections, and on motion of the petitioners dismissed the appeal, and entered an order directing that the matter be certified and remanded to the board of commissioners of Henry county for further proceedings. A reversal of this judgment is now sought by appellants.

The controlling question presented by this appeal, as we view it, relates to the action of the board of commissioners in assuming jurisdiction, after the filing of the withdrawal stated above. It is a general rule in this state that persons signing a petition have the right to withdraw their names

therefrom before the tribunal created by law to receive and consider such petition has acted thereon. *Hord* v. *Elliott* (1870), 33 Ind. 220; *Noble* v. *City of Vincennes* (1873), 42 Ind. 125; *Black* v. *Campbell* (1887), 112 Ind. 122, 13 N. E. 409; *Ralston* v. *Beall* (1908), 171 Ind. 719, 30 N. E. 1095. This general rule is applicable to proceedings to open and vacate public highways. *Little* v. *Thompson* (1865), 24 Ind. 146.

Applying the rule just stated to the facts of this case, it is obvious that the filing of such withdrawal was timely. It thus became a part of the record in the proceeding, and the board was bound to take notice of the same in determining its jurisdiction. But appellants did not rest on the mere fact that such withdrawal had been filed, but appeared before the board at the time of the presentation of said petition, and afterwards before jurisdiction was assumed, and called its attention specifically to such withdrawal, as a basis for their objections to the sufficiency of the petition to confer jurisdiction. This action was timely, and rendered such objection effective, regardless of any other notice of the fact on which the same was based. *Pittsburgh, etc., R. Co.* v. *Gregg* (1914), 181 Ind. 42, 102 N. E. 961. The same objection was made in the court below on appeal, but to no avail. We conclude that the board of commissioners was without jurisdiction to proceed with the matter set up in said petition, after the filing of said withdrawal, and that the court erred in dismissing the appeal, but should have dismissed the petition instead. Appellee in her efforts to sustain the conclusion reached by the trial court has cited and relied upon the case of *State* v. *Gerhardt* (1896), 145 Ind. 439, 44 N. E. 469, 33 L. R. A. 313. The decision in

that case is based on a special statute relating to a wholly different subject, and cannot be accepted as controlling in proceedings of this kind.

For the reason stated, the judgment is reversed, with instructions to set aside the order dismissing the appeal to the circuit court, and to enter an order dismissing the petition.