WALLACE, TRUSTEE, ET AL. *v.* SIMPSON, ET AL.

[No. 16,219.   Filed May 10, 1940.]

*Moran & Abromson*, of Portland, for appellants.

*Roscoe.D. Wheat*, of Portland, for appellees.

STEVENSON, J.—The appellee Emmett Simpson brought this action against James J. Wallace, Trustee of Noble Township, Jay County, Indiana, the appellants Earl Warnock, John L. Pearson, and the appellee F. Jacob Heidegger, as members of his Advisory Board, and the appellant Charles A. Beeler, as Auditor of Jay County, Indiana, to restrain and enjoin said officials from proceeding further with the issuance and sale of bonds for the construction of a school house in Noble Township, Jay County, Indiana.

The complaint alleged that the plaintiff was a taxpayer in Noble Township and that prior to the 15th day of November, 1937, ninety-five owners of taxable real estate in Noble Township filed their petition with the Advisory Board of said township, asking said board to issue bonds of the school township in the sum of $23,540.00 for the purpose of constructing a grade school building and community auditorium in said township.

The complaint further alleged that notice of the filing of this petition was printed and published in a local newspaper, the first of which publications was on November 17, 1937. The complaint further alleged that on the 15th day of December, 1937, a remonstrance, signed by one hundred thirty-two (132) owners of taxable real estate in Noble Township, was filed as the law provided, objecting and remonstrating against the

issuance and sale of said bonds for the purpose intended. The petitioner further avers that, notwithstanding the filing of said remonstrance, the trustee and members of the Advisory Board, on the 20th day of December, 1937, entered an order directing the township trustee to certify said petition to the Auditor of Jay County, Indiana, for the purpose of having the same presented to and acted favorably upon by the State Board of Tax Commissioners. The complaint then contained the following paragraph:

"The plaintiff further avers that he has no other adequate remedy at law and that unless an injunction is issued out of this court enjoining and restraining said defendants from carrying out their said intention to certify said matter to the Auditor of Jay County, to be presented to and heard by the State Tax Board, that said defendants will proceed to certify said petition to the Auditor of Jay County, Indiana, and there to be presented to and heard by the State Tax Board, all of which will be in violation of said statute and will greatly injure this plaintiff and the 131 other remonstrators which this plaintiff represents.

"Wherefore, the plaintiff asks the court that a temporary injunction be issued out of this court, without notice, restraining and enjoining the defendants and each of them from taking any action whatever upon said petition and said remonstrance for a period of one year and upon final hearing that the defendants be permanently enjoined from taking any action whatever upon the petition filed for said bonds and the remonstrance filed against the same for a period of one year and for such other order of this court as the court may deem proper in the premises."

Upon the filing of this petition and the bond on the part of the petitioner the court entered an order enjoining further proceedings in said matter until a final hearing. This order was issued on the 22nd day of December, 1937, and the defendants were notified that

said cause would be heard on the 8th day of January, 1938. On the 3rd day of January, 1938, the defendants appeared specially and filed a motion to dissolve the temporary injunction for the reason that the order as entered by the court was in effect an injunction and not a temporary restraining order; that the court was without jurisdiction in the absence of notice and without a showing of an emergency to issue anything other than a temporary restraining order. This motion was overruled by the court on the 18th day of January, 1938, and this ruling constitutes the first error assigned in this court.

Upon the overruling of this motion, the appellants demurred to the complaint, assigning as grounds for demurrer that the court had no jurisdiction of the subject-matter of this action and that the complaint was insufficient to state a cause of action. The court on the 22nd day of January, 1938, overruled this demurrer to which ruling the defendants separately and severally objected and refused to plead further. The court then rendered judgment enjoining the defendants and each of them "from taking any steps or action whatever in relation to the petition for the issuing of bonds for the construction of a school house in Noble Township, Jay County, Indiana, for a period of one year from December 15, 1937." The error in overruling the appellants' demurrer constitutes the second error assigned in this court.

The appellants under their first assignment of error contend that the court erred in overruling the appellants' motion to dissolve the temporary injunction and restraining order. Our attention is called to § 3-2104; Burns' 1933, which provides that:

"No injunction shall be granted until it shall appear to the court or judge granting it that some

one or more of the opposite parties concerned has had reasonable notice of the time and place of making the application, except that in cases of emergency, to be shown in the complaint, the court may grant a restraining order until notice can be given and hearing thereon."

The appellants contend that under this statute the court was without jurisdiction to grant a temporary injunction until after notice had issued and an opportunity for hearing had been granted. Conceding for the purposes of this case that a temporary restraining order was the proper practice, yet it does not follow that the action of the court in issuing the order that was made in this case constitutes reversible error.

Since no appeal was taken from this order as entered until after a hearing was had upon the merits and a permanent injunction was ordered, such permanent injunction vacates the temporary order and the error in issuing the same, if any, has become harmless. *Price* v. *Bayless* (1892), 131 Ind. 437, 31 N. E. 88.

The appellants contend under the second assignment of error that the court erred in overruling the appellants' demurrer to the complaint. In this assignment of error the appellants contend that the court was without jurisdiction to interfere with the officials of Noble Township, Jay County, Indiana, so long as they were acting within their statutory authority. The question therefore presented is whether or not the appellants were acting under statutory authority in proceeding with the issuance and sale of bonds for the purpose of building the school house after a remonstrance as above mentioned had been filed. Section 7, Chapter 119, Acts of Indiana General Assembly, 1937, under which the complaint alleges that the appellants were proceeding, is, in part, as follows:

"Provided, however, That if in any case within (30) days after the publishing of such notice, a remonstrance or remonstrances shall likewise be filed by owners of taxable real estate in such municipal corporation greater in number than the number of petitioners, which remonstrance is likewise duly verified and certified praying that no such obligations be issued, then no such obligation shall be issued. No further petition shall be filed for the issuance of such obligations which have been defeated by remonstrance, within a period of one year after the filing of such remonstrance."

The complaint alleges that a petition asking for the issuance of bonds had been filed together with a certificate of the Auditor of Jay County, Indiana, to the effect that the same was filed by ninety-five owners of taxable real estate in Noble Township. That within thirty days after the publishing of notice, a remonstrance, signed by one hundred forty-one (141) owners of real estate in Noble Township, duly verified and having attached thereto the certificate of the Auditor of Jay County, Indiana, to the effect that one hundred thirty-one (131) persons who signed the remonstrance were owners of taxable real estate in Noble Township, was filed, which remonstrance objected to the issuance of the bonds as prayed for in the petition. It was on these facts that the court issued an injunction enjoining the appellants from proceeding with the issuance and sale of bonds for the period of one year from the date of filing of such remonstrance.

It is our opinion that the filing of such a remonstrance terminates the proceedings for, in the language of the statute, when such a remonstrance is filed "then no such obligation shall be issued." Under these circumstances, the appellants, as officials of Noble Township, were without any authority in law to proceed further with the issuance or sale of such bonds.

The appellants contend that they are entitled under the law to submit this matter to the State Board of Tax Commissioners in order that they might judicially determine the sufficiency of the remonstrance. We do not agree with this contention. It was the purpose of the statute to prevent municipalities and taxing units from incurring obligations which would operate to increase the tax levies beyond the limits provided in the act. If it is therefore made to appear to the officials of a taxing district that more taxpayers are opposed to the increase occasioned by the bond issue than are in favor of the same, then no such bonds shall issue. The taxpayers themselves determine this question. The facts alleged in the complaint are sufficient to disclose an entire want of authority in the appellants as public officials of Noble Township, Jay County, Indiana, to proceed further in this matter.

There was accordingly no error in overruling the separate and several demurrers of the appellants to the appellees' complaint.

Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 27 N. E. (2d) 130.