PULLIN ET AL. *v.* ARNOLD ET AL.

[No. 29,158. Filed December 9, 1954.]

*Charles M. Sands,* of Rensselaer, and *F. L. Wiltrout,* of Elkhart, of counsel, for appellants.

*Cope J. Hanley,* of Rensselaer, for appellee.

EMMERT, J.—This is an appeal from a judgment dismissing a petition for the establishment of a drain, entered on a finding that the petition should be dismissed for the reason that a remonstrance to the petition had been filed, signed by the owners of two-thirds in area of the acreage of the lands named in the petition.

The petition for the drain was filed July 30, 1952, and was signed by nine (9) petitioners. A bond was filed, and approved by the court, and August 14, 1952, was the date set for docketing the petition.

On the date set for docketing, the court found notice had been given as required by law, and ordered the cause placed upon the docket as a pending action. The court thereupon appointed two viewers to act with the County Surveyor.

On September 2, 1952, five of the petitioners and two of their wives filed a withdrawal of their names from the petition for the drain, and thereafter on the same date these parties, together with others owning more than two-thirds in area of the acreage of the lands named in the petition, filed their remonstrance, and prayed that the petition be dismissed. It is con-

ceded that if the parties withdrawing from the petition could lawfully join in the remonstrance, the remonstrance was sufficient to defeat the petition for the drain by virtue of §27-108, Burns' 1948 Replacement, which reads as follows:

> "If, within twenty [20] days, exclusive of Sundays, from the day set for the docketing of such petition, the owners of two-thirds in area of the acreage of the lands named as such in the petition, or who may be affected by an assessment of benefits or damages, shall remonstrate in writing against the construction of such drain or ditch, such petition shall be dismissed at the cost of the petitioners." (Acts 1933, ch. 264, §8, p. 1168.)

When the cause was argued, all parties agreed that there was no Indiana case directly deciding the issue presented in this appeal.

In special statutory proceedings like this, "the rules of civil practice prevail, except when it is otherwise provided, or when they are plainly inapplicable. *Hedrick* v. *Hedrick,* 55 Ind. 78; *Goodwin* v. *Smith,* 72 Ind. 113; *Stoddard* v. *Johnson,* 75 Ind. 20; *Stockwell* v. *Brant,* 97 Ind. 474; *Crume* v. *Wilson,* 104 Ind. 583; *Robertson* v. *State ex rel.,* 109 Ind. 79." *Black* v. *Campbell* (1887), 112 Ind. 122, 126, 13 N. E. 409. This was a special proceeding for the establishment of a free gravel road, but in *Crume* v. *Wilson* (1886), 104 Ind. 583, 586, 4 N. E. 169, cited therein, this court said, "We are of the opinion that in drainage cases the modes of procedure and the rules of practice prescribed by the civil code may properly be used to supply omissions in the drainage statutes. We think, also, that section 333, *supra,*[1] should be held applicable to drainage cases,

---

1. "An action may be dismissed without prejudice—
"*First.* By the plaintiff, before the jury retires; or, when the

and that, under the provisions of such section, the petitioner for a drain may dismiss his case and withdraw his petition, if his motion to that end be made at the proper time."

The general rule is that the withdrawal of names on a petition is a dismissal of it as to those withdrawn. *Hord ex rel. Stanley* v. *Elliott* (1870), 33 Ind. 220.[2] "When a party who has signed a petition for the doing or granting of something afterwards signs a remonstrance against the doing or granting of what he has petitioned for, it would seem reasonable that the one should counteract and destroy the effect of the other, if the remonstrance is presented before action has been had in accordance with the petition." *Noble* v. *City of Vincennes* (1873), 42 Ind. 125, 130.

The effect of the two-thirds remonstrance under §27-108, Burns' 1948 Replacement, is to oust the court of

---

trial is by the Court, at any time before the finding of the Court is announced."

". . ." Section 333, R. S. 1881. This section is now §2-901, Burns' 1946 Replacement.

2. "There can be no question of the right of the appellants to dismiss the petition, as to themselves, or to withdraw their names from it, at any time before the final action upon it by the board. The written withdrawal of their names was, in effect, a dismissal of the petition as to them." *Hord ex rel. Stanley* v. *Elliott* (1870), 33 Ind. 220, 222. (Organization of turnpike company.)

"If the dissatisfied petitioners had not moved for leave to strike off and withdraw their names before the board ruled upon the sufficiency of the petition, their right to so move would have been waived; . . ." *Black* v. *Campbell* (1887), 112 Ind. 122, 126, 13 N. E. 409. (Free gravel road.)

"It is a general rule in this state that persons signing a petition have the right to withdraw their names therefrom before the tribunal created by law to receive and consider such petition has acted thereon." *Hord* v. *Elliott* (1870), 33 Ind. 220; *Noble* v. *City of Vincennes* (1873), 42 Ind. 125; *Black* v. *Campbell* (1887), 112 Ind. 122, 13 N. E. 409; *Ralston* v. *Beall* (1908), 171 Ind. 719, 30 N. E. 1095; *Current* v. *Current* (1920), 72 Ind. App. 363, 365, 366, 125 N. E. 779. (Change of public highway.)

jurisdiction to proceed with the drain. If the remonstrance in fact has as parties thereto the owners of two-thirds in area of the acreage of the lands named in the petition or who may be affected by an assessment of benefits or damages, the proceedings must be dismissed regardless of its merits.

The appellants do not question the right of the withdrawing petitioners to dismiss the petition as to them in this case at this stage of the proceeding, and with this we agree. They are still liable for their pro rata share of the costs incurred up to the dismissal. The petition was still pending as to the other petitioners who did not withdraw. Since the withdrawing petitioners were no longer proponents in the cause, we see no valid reason why they could not then join in a two-thirds remonstrance under §27-108, Burns' 1948 Replacement. The fact that the trial court made no formal entry dismissing the petition as to them at the time the withdrawal was filed did not change the legal effect of their withdrawal.

Judgment affirmed.

Gilkison, C. J., Bobbitt, Draper and Flanagan, JJ., concur.

NOTE.—Reported in 122 N. E. 2d 858.