Charles R. WYATT, Appellant–Plaintiff,

Angela Sowers, Party in Interest,

v.

Thomas E. WHEELER, in his official capacity as Chair of the Indiana Election Commission; S. Anthony Long, in his official capacity as Vice–Chair of the Indiana Election Commission; Daniel A. Dumezich and Sarah Steele Riordan, each in their official capacity as Members of the Indiana Election Commission; and Susan Ellspermann, Appellees–Defendants.

No. 49A02–1006–PL–636.

Court of Appeals of Indiana.

Oct. 20, 2010.

William R. Groth, Indianapolis, IN, Attorney for Appellant.

David M. Brooks, Indianapolis, IN, Attorney for Appellees.

## OPINION

SULLIVAN, Senior Judge.

This appeal involves the denial of a challenge to a candidacy for the Indiana House of Representatives in the primary election of 2010.

Appellant/Cross–Appellee/Petitioner Charles R. Wyatt appeals from the Marion Superior Court's denial of his verified petition for review of final agency action by the Indiana Elections Commission (IEC) [1] and for preliminary injunctive and declarative relief (verified petition). Appellee/Cross–Appellant/Respondent Susan Ellspermann appeals the denial of her request for attorney's fees. We affirm.

In 2009, Ellspermann, who was serving as a Republican precinct committeeperson, decided to run as a Republican for the Indiana House of Representatives in House District 74. She lived in Dubois County, which is located in District 74. Ellspermann formed a campaign committee. On September 1, 2009, Ellspermann filed a notice with the IEC informing the IEC of the formation of her committee. In that filing, Ellspermann identified herself as a Republican. On January 19, 2010, Ellspermann filed a finance report with the IEC. In that filing, Ellspermann again identified herself as a Republican.

On January 27, 2010, Ellspermann timely filed with the IEC a declaration of candidacy for primary election (the declaration), the document that is the focus of this case. The declaration was on a form known as a "CAN–2," which was supplied by the IEC. Appellant's App. pp. 20–21.

In the declaration, Ellspermann asked to have her name placed on the primary election ballot as a Republican candidate for the Indiana House of Representatives in House District 74. Ellspermann certified that she is affiliated with the Indiana Republican Party because she voted as a Republican in the most recent prior primary election. The declaration would have also allowed Ellspermann to declare an affiliation with the Republican Party by stating that the Republican Party chairperson of her county of residence has certified that she is a member of the party and by attaching the chairperson's certificate to the declaration. Ellspermann did not mark that option on her declaration or attach a chairperson's certificate to her declaration.

The deadline for filing a declaration of candidacy for primary election was February 19, 2010. Angela Sowers, a party in

---

1. The individual commissioners of the Indiana Elections Commission are appellees in their official capacities. They are not participating in this appeal, but a party of record in the trial court shall be a party on appeal. Ind. Appellate Rule 17(A).

interest,[2] also timely filed a declaration of candidacy for House District 74 as a Republican.

On February 26, 2010, Wyatt, as a registered voter of Warrick County within House District 74, timely filed a challenge to Ellspermann's declaration.[3] Wyatt contended that Ellspermann's declaration was defective because she had not voted as a Republican in the most recent prior primary election. On that same day, Ellspermann, having heard about the challenge, went to the county in which she had voted in the 2008 primary election [4] and discovered that she had voted as a Democrat.[5] Next, Ellspermann contacted Republican Party county chairpersons in the counties that are located in District 74 and asked them to prepare letters stating that she is a member in good standing of the Republican Party. On March 1, 2010, Ellspermann filed with the IEC letters of support from the Republican Party chairpersons for Dubois, Warrick, Spencer, and Perry counties.

On March 5, 2010, the IEC held a hearing on Wyatt's challenge to Ellspermann's candidacy. During the hearing, Ellspermann moved that the commissioners accept an amended CAN–2 which indicated that Ellspermann was affiliated with the Republican Party due to certification by her county's Republican Party chairperson. The four commissioners split their votes two to two, so Ellspermann's motion failed. At the conclusion of the hearing, the commissioners heard both a motion to sustain Wyatt's challenge and a motion to deny Wyatt's challenge. Neither motion passed because the four commissioners again split their votes two to two. Consequently, pursuant to the IEC's rules, Ellspermann's name remained on the Republican Party's primary election ballot for House District 74.

On April 5, 2010, Wyatt filed his verified petition with the Marion Superior Court. On May 3, 2010, the court held a hearing limited to Wyatt's request for a preliminary injunction. On May 4, 2010, the primary election took place, and Ellspermann defeated Stowers 2979 votes to 765. After the primary election, Wyatt and Ellspermann filed cross-motions for sanctions in the form of attorneys' fees.

On June 4, 2010, the Marion Superior Court issued findings of fact and conclusions of law denying Wyatt's request for a preliminary injunction and finding against Wyatt on his challenge to Ellspermann's candidacy. On June 8, 2010, the court denied both parties' motions for sanctions. This appeal and cross-appeal followed.

Wyatt raises two issues, which we consolidate and restate as whether the Marion Superior Court erred by denying Wyatt's request for injunctive and declaratory relief. Ellspermann raises one issue, which we restate as whether the Marion Superior Court abused its discretion by denying Ellspermann's request for attorney's fees.

## I. LACHES AND MOOTNESS

■ Before we address the merits of Wyatt's appeal, Ellspermann raises several

2. At Ellspermann's request, the trial court added Sowers to this case as a party in interest. Sowers is not participating in this appeal, but, as is the case with commissioners of the IEC, a party of record in the trial court remains a party on appeal. App. R. 17(A).

3. A registered voter may file a challenge to the eligibility of a declared candidate for office. Ind.Code § 3–8–1–2 (2004); See Sammons v. Conrad, 740 N.E.2d 114, 118 (Ind. 2000) (discussing the methods by which a voter may challenge a candidate's eligibility for office).

4. In 2009, there was no primary election.

5. At the time of the 2008 primary, Ellspermann resided in Warrick County.

challenges to the procedural validity of his appeal.

■■■ First, Ellspermann contends that Wyatt's appeal is barred by the doctrine of laches. Laches is an equitable doctrine that is comprised of three elements: inexcusable delay in asserting a right, an implied waiver arising from knowing acquiescence in existing conditions, and a change in circumstances causing prejudice to the adverse party. *In re Bender*, 844 N.E.2d 170, 184 (Ind.Ct.App.2006), *trans. denied.* Mere inconvenience is insufficient to establish prejudice. *Ind. Real Estate Comm'n v. Ackman*, 766 N.E.2d 1269, 1274 (Ind.Ct. App.2002).

In support of her argument for laches, Ellspermann asserts that Wyatt unreasonably delayed seeking judicial review of the IEC's decision by waiting until the deadline to file his petition had almost expired. She also notes that Wyatt did not seek a temporary restraining order barring the IEC from placing Ellspermann on the ballot, which would have resulted in a more swift resolution of the issue. Finally, Ellspermann contends that Wyatt admitted to the trial court at the May 3, 2010 hearing that his requested injunctive relief was impossible to obtain and declined to ask the trial court to issue a ruling before the primary election, both of which Ellspermann argues demonstrate that Wyatt inexcusably delayed his case.

We conclude that Ellspermann's arguments are without merit because Ellspermann was not prejudiced by the proceedings on Wyatt's petition for judicial review. She remained on the ballot and prevailed in the primary election. In the absence of prejudice to the adverse party, Wyatt's appeal is not barred by laches. *See Ackman*, 766 N.E.2d at 1274 (noting that the appellee was not prejudiced by the appellant's delay in moving forward on an administrative complaint because the appellee did not alter his behavior in reliance on appellant's delay).

■■■ Second, Ellspermann contends that Wyatt's appeal is moot. An appeal is moot when it is no longer live and the parties lack a legally cognizable interest in the outcome or when no effective relief can be rendered to the parties. *Union Twp. Sch. Corp. v. State ex rel. Joyce*, 706 N.E.2d 183, 187 (Ind.Ct.App.1998), *trans. denied.*

Here, Ellspermann asserts that Wyatt's appeal is moot because his original complaint to the IEC challenged only her eligibility for the primary election, and the primary election has occurred. We disagree. Wyatt's challenge to Ellspermann's eligibility for the primary election is implicitly also a challenge to her eligibility for the general election, which has not yet taken place. Furthermore, Ellspermann is cross-appealing the Marion Superior Court's denial of her request for attorney's fees against Wyatt. The determination of the merits of Wyatt's challenge to Ellspermann's candidacy has a direct bearing on Ellspermann's ability to prevail on her cross-appeal. Thus, Wyatt's appeal is not moot. *See Union Twp.*, 706 N.E.2d at 187 (determining that an appeal was not moot because the appellee's counterclaim for costs and damages depended in part on considering the validity of the appellant's claim).

Having addressed Ellspermann's procedural claims, we turn to the merits of Wyatt's appeal.

## II. STANDARD OF REVIEW

■■ The parties disagree as to the appropriate standard of review. Wyatt argues that the Marion Superior Court had no authority to enter findings of fact, so this Court should ignore them and review the IEC's and the court's interpretations

of law de novo. Ellspermann responds that the court was obligated to issue findings of fact on Wyatt's claim for a preliminary injunction and that the facts are essential to properly applying the law in this case.

It is unclear why Wyatt is questioning the court's authority to issue findings of fact because Wyatt is not specifically challenging any of the court's enumerated findings. Furthermore, we note that Wyatt submitted proposed findings of fact and conclusions of law to the court. Thus, Wyatt invited any error and cannot now complain that the court lacked the authority to issue findings of fact. *See Berman v. Cannon,* 878 N.E.2d 836, 839 (Ind.Ct.App. 2007), *trans. denied* (determining that the appellant had agreed with the trial court's explanation to the jury as to why appellant was absent from the trial and invited any error arising from the explanation). In any event, the Marion Superior Court was authorized and obligated to issue findings of fact and conclusions of law because the court ruled upon Wyatt's request for a preliminary injunction. *See* Ind. Trial Rule 52(A)(1) (stating, "The court shall make special findings of fact without request ... in granting or refusing preliminary injunctions....").

■■■ Furthermore, Wyatt is appealing from a negative judgment and must, therefore, establish that the court's judgment is contrary to law. *M.K. Plastics Corp. v. Rossi,* 838 N.E.2d 1068, 1074 (Ind.Ct.App. 2005). A judgment is contrary to law only if the evidence in the record, along with all reasonable inferences, is without conflict

and leads unerringly to a conclusion opposite that reached by the court. *Id.* at 1074–1075. We review conclusions of law de novo and give no deference to the court's determinations about such questions. *Id.* at 1075.

### III. THE PRELIMINARY INJUNCTION AND DECLARATORY RELIEF

■■■ To obtain a preliminary injunction, Wyatt had the burden of showing by a preponderance of the evidence that: (1) his remedies at law were inadequate, thus causing irreparable harm pending resolution of the substantive action; (2) he had at least a reasonable likelihood of success at trial by establishing a prima facie case; (3) the threatened injury to him outweighed the potential harm to Ellspermann or the IEC resulting from the granting of an injunction; and (4) the public interest would not be disserved by the granting of a preliminary injunction. *Curley v. Lake County Bd. of Elections and Registration,* 896 N.E.2d 24, 32–33 (Ind. Ct.App.2008), *trans. denied.* If, on appeal, the moving party cannot demonstrate that he proved each of those four requirements then the trial court's denial of the movant's request for an injunction must be affirmed. *Id.* at 33.

Wyatt asserts that he is entitled to a preliminary injunction because Ellspermann's declaration of candidacy was defective. Specifically, in Ellspermann's declaration, which tracks the language of Indiana Code section 3–8–2–7,[6] Ellsper-

---

6. That statute provides, in relevant part:

(a) The declaration of each candidate required by this chapter must be signed before a person authorized to administer

oaths and contain the following information:

\* \* \*

(4) A statement of the candidate's party affiliation. For purposes of this subdivision, a candidate is considered to be affiliated with a political party only if any of the following applies:

mann certified that she had voted as a Republican in the most recent primary election, and her certification was incorrect. Consequently, Wyatt contends, the IEC should have sustained his challenge to Ellspermann's candidacy and the Marion Superior Court should have found in his favor.

■ Our analysis turns on the fourth element of the standard, which is whether the public interest would have been disserved by the granting of a preliminary injunction. We pause to note the procedural posture of this case. Although Wyatt filed his petition with the Marion Superior Court before the primary election, the election has been held and Ellspermann won. Thus, if we were to determine that Wyatt's challenge to Ellspermann's candidacy has merit and that Wyatt is entitled to injunctive relief, we would effectively nullify the primary election results.

■ Our Supreme Court has long held that the law favors the franchise and enfranchisement. " 'The purpose of [election] law and the efforts of the court are to secure to the elector an opportunity to freely and fairly cast his ballot, and to uphold the will of the electorate and prevent disenfranchisement.' " *Curley,* 896 N.E.2d at 39 (quoting *State ex rel. Harry v. Ice,* 207 Ind. 65, 71, 191 N.E. 155, 157 (Ind.1934)). " 'To disfranchise [voters] be-

(A) The most recent primary election in which the candidate voted was a primary election held by the party with which the candidate claims affiliation.
(B) The candidate has never voted in a primary election and claims a party affiliation.
(C) The county chairman of:
(i) the political party with which the candidate claims affiliation; and
(ii) the county in which the candidate resides;
certifies that the candidate is a member of the political party.

cause of a mere irregularity or a mistaken construction of the law by a party committee or election commissioner would defeat the very purpose of all election laws.' " *Id.* (quoting *Lumm v. Simpson,* 207 Ind. 680, 684, 194 N.E. 341, 342 (Ind.1935)). Consequently, our Supreme Court has stated:

The election commissioners are public officers. In an action against them, brought before an election, involving the names of the candidates to be placed on the ballot by them, the statutory provisions referred to are treated as mandatory, and they will be enjoined from placing a name upon the ballot that has not been submitted to them pursuant to the statute, but, after the election commissioners have acted and placed a name upon the ballot, and after the election, the provisions of the statute are considered directory only, and the names of candidates will be treated as having been legally placed upon the ballot by the election board, 'unless an essential element of the election is affected, or there is an express declaration in the statute that the act is essential to a valid election, or that its omission will render the election void.'

*Lumm,* 207 Ind. at 683–684, 194 N.E. at 342(quoting *Harry,* 207 Ind. at 71, 191 N.E. at 157).

In this case, the statute at issue, Indiana Code section 3–8–2–7, does not provide

The declaration of candidacy must inform candidates how party affiliation is determined under this subdivision and permit the candidate to indicate on the declaration of candidacy which of clauses (A), (B), or (C) applies to the candidate. If a candidate claims party affiliation under clause (C), the candidate must attach to the candidate's declaration of candidacy the written certification of the county chairman required by clause (C).
Ind.Code § 3–8–2–7 (2003).

that compliance with its provisions is essential to a valid election. More importantly, there is no evidence of fraud here, either actual or suggested. Ellspermann testified at the IEC hearing that she had historically voted as a Republican and, at the time that she filled out the declaration, had simply forgotten that she had voted as a Democrat in the 2008 primary election. Thus, she testified, when she marked on her declaration that she was a Republican because she thought she had voted Republican in the 2008 recent primary election, "it was a genuine oversight, not intentional." Appellee's App. p. 35. Wyatt did not submit any evidence to counter Ellspermann's explanation for her mistake.

Under these circumstances, the irregularity in Ellspermann's declaration and any misconstruction of Indiana Code section 3–8–2–7 by the IEC or the Marion Superior Court cannot justify reversal of the trial court's denial of a preliminary injunction because it would contradict the will of the electorate and disenfranchise voters. See Burke v. Bennett, 907 N.E.2d 529, 532 (Ind.2009) (concluding that denying a losing candidate's challenge to the winner's victory was "consistent with the longstanding respect for the right of the people to free and equal elections, Ind. Const. art. 2, § 1, and the reluctance of this Court to remove from office a person duly elected by the voters,"); Oviatt v. Behme, 238 Ind. 69, 74–75, 147 N.E.2d 897, 900 (Ind.1958) (stating, "Properly qualified voters may not be disfranchised except by their own wilful or deliberate act to the extent that one who did not receive the highest vote cast may still be declared elected.").

 Wyatt contends that the per se rule applies to this case and supports the issuance of a preliminary injunction. We disagree. The per se rule provides, " '[w]hen the acts sought to be enjoined are unlawful, the plaintiff need not make a showing of irreparable harm or a balance of hardship in his favor.' " Curley, 896 N.E.2d at 33 (quoting Sadler v. State ex rel. Sanders, 811 N.E.2d 936, 953 (Ind.Ct. App.2004)). However, even when the rule does apply, it does not trump the equitable nature of preliminary injunctions. Id. Rather, the per se rule is " 'used to enjoin activity that is clearly unlawful and against the public interest.' " Id. (quoting Ind. Family & Soc. Servs. Admin. v. Walgreen Co., 769 N.E.2d 158, 162 (Ind.2005)). An injunction is to be denied if the public interest would be substantially adversely affected, even if the plaintiff has a claim. State ex rel. Atty. Gen. v. Lake Superior Court, 820 N.E.2d 1240, 1256 (Ind.2005).

Here, even if the per se rule applied to this case, it would not provide grounds for reversal because Wyatt would still be required to demonstrate that the issuance of an injunction would not be contrary to the public interest. Pursuant to our discussion above, granting Wyatt's challenge and invalidating the results of the primary election are not in the public's interest.

For these reasons, we conclude that the trial court did not clearly err by denying Wyatt's request for a preliminary injunction. See Curley, 896 N.E.2d at 40 (affirming the grant of a preliminary injunction keeping satellite voting centers open because reversing the trial court's ruling would have terminated the opportunity for early voting and would have disenfranchised voters).

 Turning to Wyatt's request for declaratory relief, the same concerns regarding disenfranchisement remain applicable. In the context of declaratory relief, we have previously stated, " '[i]n the absence of fraud, election statutes generally will be liberally construed to guarantee to the elector an opportunity to freely cast his ballot, to prevent his disenfranchisement,

and to uphold the will of the electorate.'" *Campbell v. Bd. of School Comm'rs of City of Indianapolis*, 908 N.E.2d 1234, 1240 (Ind.Ct.App.2009) (quoting *Howell v. Blackburn*, 236 Ind. 242, 248–249, 139 N.E.2d 905, 909 (Ind.1957)). Again, if we were to determine that the IEC and the Marion Superior Court misapplied Indiana Code section 3–8–2–7 and other relevant election statutes, then by necessity Ellspermann's victory in the primary election would be invalid. Such an outcome would violate the purpose of election laws, which is to protect enfranchisement. Consequently, Wyatt has not established that the court's denial of his request for declaratory relief was contrary to law. *See Campbell*, 908 N.E.2d at 1242 (determining that a court's denial of a challenge to a candidate's qualification for office was consistent with the governing rule to uphold the will of the electorate absent fraud); *Lumm*, 207 Ind. at 684, 194 N.E. at 342 (reversing a court's ruling disqualifying a candidate because affirming the ruling would result in the disenfranchisement of voters).

For these reasons, we affirm the Marion Superior Court's judgment as to Wyatt's appeal.

## IV. ELLSPERMANN'S COUNTERCLAIM

 Ellspermann contends that the court should have ordered Wyatt to pay her attorney's fees for the trial court proceedings because Wyatt's case was frivolous and unreasonable.

The governing statute provides, in relevant part:

In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

Ind.Code § 34–52–1–1(b) (1998).

 A claim or defense is frivolous (a) if it is made primarily for the purpose of harassing or maliciously injuring a person, or (b) if the lawyer does not make a good faith and rational argument on the merits of the action, or (c) if the lawyer does not support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law. *Wolfe v. Eagle Ridge Holding Co., LLC*, 869 N.E.2d 521, 530 (Ind.Ct. App.2007). A claim or defense is unreasonable if, based on a totality of the circumstances, including the law and facts known at the time of filing, no reasonable attorney would consider that the claim or defense was worthy of litigation or justified. *Smyth v. Hester*, 901 N.E.2d 25, 33 (Ind.Ct.App.2009), *trans. denied.*

 A three-tiered approach to reviewing a court's decision under Indiana Code section 34–52–1–1 has developed. First, we review the court's findings of fact, if any, under the clearly erroneous standard; second, we review de novo the court's legal conclusions; and third, we review the court's decision whether to award attorney's fees and any amount thereof under an abuse of discretion standard. *Wolfe*, 869 N.E.2d at 529.

In this case, the Marion Superior Court did not issue findings of fact or conclusions of law on Ellspermann's and Wyatt's cross-motions for sanctions. Instead, the court simply noted that the requests for attorneys' fees were "DENIED as to both

requests/parties." Appellee's App. p. 165. Thus, our review is limited to determining whether the court abused its discretion.

Ellspermann contends that Wyatt's petition for judicial review was frivolous and unreasonable because she believes that the court only had jurisdiction to address her eligibility to appear on the primary ballot as a Republican. She further asserts that by the time the court held a hearing on Wyatt's request for a preliminary injunction on the day before the primary election, the court could not effectively grant relief on the preliminary injunction by removing Ellspermann from the primary ballot, a fact which Wyatt conceded at the hearing.[7] Consequently, Ellspermann reasons, at that point the matter was moot and Wyatt's further pursuit of the case, including his challenge to her placement on the general election ballot, was baseless.

We disagree with Ellspermann's reasoning. Although we are affirming the Marion Superior Court's judgment on the merits of Wyatt's claims, we have determined that his claims are not moot or barred by laches. Furthermore, Wyatt has presented a good faith and rational argument on the merits throughout this case. Indeed, Ellspermann concedes that, at the least, she made a "mistake" amounting to "harmless error" in filling out her declaration. Appellee's Br. p. 24. In addition, there is no evidence that Wyatt is pursuing this action to harass or maliciously injure Ellspermann. For these reasons, Wyatt's petition for judicial review was not frivolous. *See Grubnich v. Renner,* 746 N.E.2d

111, 119 (Ind.Ct.App.2001), *trans. denied* (affirming a trial court's denial of attorney's fees because the legal issues were complex and the Court could not "impute frivolous conduct" to the appellant). In addition, based on the governing statute and Ellspermann's acknowledgement that she made a "mistake" in filling out the form, we cannot conclude that a reasonable attorney would consider Wyatt's claim to be unworthy of litigation, even if the claim is ultimately without merit. Consequently, Wyatt's litigation of his petition for judicial review after the primary election was not unreasonable. *See id.* at 119–120 (concluding that the appellant's argument was not unreasonable even though the appellant may have misinterpreted the law). Thus, the Marion Superior Court did not abuse its discretion by denying Ellspermann's request for attorney's fees.

On a related subject, Ellspermann asks this Court to order Wyatt to pay her appellate attorney's fees. Pursuant to the governing rule, "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." Ind. Appellate Rule 66(E). We will assess appellate damages only against an appellant who in bad faith maintains a wholly frivolous appeal. *Harness v. Schmitt* 924 N.E.2d 162, 168 (Ind.Ct.App.2010). A strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish mere lack of merit, but something more egregious. *Id.*

---

**7.** At the hearing, Wyatt, by counsel, told the court,

> I'm sure [Ellspermann] is going to argue, among other things, that it's too late, can't do anything about it, there's no legal remedy available, no equitable remedy available, she's on the ballot, we're going to have the results tomorrow and it's too late, simply too late to change that. And it is, it's too

late. It was actually too late to change that probably before we even filed this lawsuit because the ballots had been sent out, mailed out, and we have early voting, and they're printed even before the early voting starts. But that doesn't affect the question of whether Mr. Wyatt is entitled to a remedy here.

Appellees' App. pp. 101–102.

Here, we have found that Wyatt's appeal is without merit and have affirmed the Marion Superior Court's judgment, but we cannot conclude that this appeal is frivolous or that Wyatt has maintained this appeal in bad faith. Consequently, we deny Ellspermann's request for appellate attorney's fees. *See id.* at 169 (declining to award appellate attorney's fees to an appellee because the appellant's claims were not "utterly devoid of all plausibility").

For these reasons, we affirm the Marion Superior Court's judgment in all respects.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.