ATTORNEYS FOR APPELLANT
Jeffrey A. Baldwin
Tyler D. Helmond
Voyles, Zahn, & Paul
Indianapolis, IN

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

FILED
Apr 21 2017, 3:24 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 32S01-1704-PC-226

COREY MIDDLETON,

*Appellant (Petitioner below),*

v.

STATE OF INDIANA,

*Appellee (Respondent below).*

Appeal from the Hendricks Superior Court, No. 32D02-1502-PC-3
The Honorable Rhett Stuard, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 32A01-1603-PC-592

**April 21, 2017**

**Per Curiam.**

Corey Middleton filed a petition for post-conviction relief, alleging several claims of ineffective assistance of trial counsel. The post-conviction court denied Middleton's petition, and the Court of Appeals affirmed. Middleton v. State, 64 N.E.3d 895 (Ind. Ct. App. 2016), *reh'g denied*. In so doing, the court determined Middleton's counsel performed deficiently as to one of Middleton's claims. Id. at 903. But the court ultimately rejected that claim, finding Middleton had "not established that but for counsel's error, the result of the proceeding would have been

different." Id. at 902. Middleton seeks transfer, contending, among other things, that the Court of Appeals applied the incorrect standard in making this assessment.

We agree with our colleagues' ultimate resolution of Middleton's claims. We note, however, that to demonstrate prejudice from counsel's deficient performance, a petitioner need only show "a *reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984) (emphasis added). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. *See, e.g.*, Campbell v. State, 19 N.E.3d 271, 274 (Ind. 2014); Wilkes v. State, 984 N.E.2d 1236, 1241 (Ind. 2013) (quoting Strickland).

Accordingly, we grant transfer and summarily affirm the Court of Appeals opinion pursuant to Indiana Appellate Rule 58(A), with the exception of its misstatement of Strickland's prejudice standard.


All Justices concur.