## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 28 2017, 6:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jesus Ortiz,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 28, 2017

Court of Appeals Case No.
71A03-1704-PC-820

Appeal from the St. Joseph
Superior Court

The Honorable Jeffrey L. Sanford,
Judge

Trial Court Cause No.
71D03-1511-PC-43

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, Jesus Ortiz[1] was found guilty of two counts of child molesting, both Class A felonies. The trial court entered judgment of conviction and sentenced Ortiz to an aggregate total of sixty years in the Indiana Department of Correction. On direct appeal, we affirmed Ortiz's convictions. *Ortiz v. State,* No. 71A03-0607-CR-314 (Ind. Ct. App. Aug. 20, 2007). On November 5, 2015, Ortiz filed a petition for post-conviction relief alleging ineffective assistance of appellate counsel. The post-conviction court denied Ortiz's petition. Ortiz now appeals the denial of post-conviction relief, raising one issue for our review which we restate as whether the post-conviction court erred in concluding Ortiz's appellate counsel was not ineffective. Concluding appellate counsel was not ineffective, we affirm.

# Facts and Procedural History

[2] We summarized the facts of this case in Ortiz's direct appeal,

> A.O. was born in February 1990 to Ortiz and Nora Ortiz. After Ortiz and Nora divorced, A.O. and her brothers spent every other weekend with Ortiz. At one point Ortiz was living with his sister, and A.O. and her brothers would all sleep in Ortiz's bedroom and often all slept in the same bed with Ortiz.

---

[1] We note the that the Appellant's name is "Jesus Ortiz" not "Jesse Ortiz" as this court's docket, many trial court documents, and our opinion on direct appeal incorrectly indicate.

When A.O. was eleven or twelve years old, she was downstairs playing pool with her brothers when Ortiz told her to go upstairs and go to sleep. Ortiz went upstairs to his bedroom with A.O. and locked the door. While they were on the bed, Ortiz pulled A.O.'s pants down and put his penis in her vagina. She told him that she "didn't want to do that," and he responded, "it's okay; I'm almost done." He told her that he was "doing it because he's a good dad." On another occasion, Ortiz also placed his mouth on A.O.'s vagina.

A.O. did not tell anyone because she was afraid that she would get in trouble. Ortiz told her that she would get in trouble. A.O. eventually told her mother that she did not want to stay with Ortiz anymore. In June 2004, A.O. told a psychological assistant at a juvenile detention center that she had been molested. Also, at some point, A.O. was watching a program about molestation with her mother and brother. A.O.'s mother asked if "anything . . . like that ever happened to" them, and A.O. told her mother about the molestation. Her mother took A.O. to the Madison Center and also took her to see a doctor at the St. Joe Medical Center for an examination.

The State charged Ortiz with one count of child molesting as a class A felony for placing his penis in the sex organ of A.O. and one count of child molesting as a class A felony for placing his mouth on the sex organ of A.O. At Ortiz's jury trial, A.O. testified that the molestation incident that she described was not the first time Ortiz had molested her. The jury found Ortiz guilty as charged. The trial court sentenced Ortiz to forty years in the Indiana Department of Correction for the child molesting conviction involving the intercourse and suspended twenty years of that sentence but ordered Ortiz to serve those twenty years in the Indiana Department of Correction as a condition of probation. The trial court left open the possibility of a sentence modification at the end of the first twenty-year portion of the sentence. The trial court ordered Ortiz to serve twenty years on

the remaining conviction and then ordered that the sentences be served consecutively.

*Id.* at *1 (citations omitted).

[3] On direct appeal, Ortiz was initially represented by attorney Neil Weisman who filed the notice of appeal. Sometime thereafter, Ortiz's family hired Tony Zirkle ("appellate counsel"), and Zirkle handled the remainder of Ortiz's appeal. Ortiz, through appellate counsel, raised the following issues for our review: 1) whether Ortiz was entitled to a new trial due the State's failure to disclose the victim's medical records; 2) whether the evidence was sufficient to sustain Ortiz's convictions; 3) whether the trial court sentenced Ortiz in violation of *Blakely v. Washington*, 542 U.S. 296 (2004); and 4) whether Ortiz was denied the effective assistance of trial and appellate counsel when they failed to file a motion to correct error regarding newly-discovered evidence of the victim's medical records.[2] *Id.* We affirmed Ortiz's convictions.

[4] On November 5, 2015, Ortiz filed a petition for post-conviction relief raising the following claims:

  a) Insufficient evidence to convict;

  b) Ineffective assistance of trial and appellate counsel;

---

[2] In his direct appeal, Ortiz alleged his initial appellate counsel, Weisman, was ineffective for failing to file a motion to correct error regarding the medical records. Any subsequent mention of "ineffective assistance of appellate counsel" pertains to Zirkle's representation on direct appeal.

c) Brady violation; and

d) The conviction or sentence was otherwise subject to collateral attack upon any ground of alleged error heretofore available under common law, statutory or other writ, motion or petition, proceeding or remedy.

Appealed Order at 2.

The post-conviction court held an evidentiary hearing on December 2, 2016. Ortiz testified regarding his interactions with appellate counsel and submitted documentary evidence of the appellate brief filed on his behalf as well as evidence of appellate counsel's suspension from the practice of law.[3] On March 17, 2017, the post-conviction court issued findings of fact and conclusions of law denying Ortiz post-conviction relief. Ortiz now appeals. Additional facts will be supplied as necessary.

# Discussion and Decision

## I. Standard of Review

Post-conviction proceedings are civil in nature and the petitioner must therefore establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). "Post-conviction proceedings do not afford the petitioner an

---

[3] Tony Zirkle was suspended from the practice of law in the State of Indiana on October 1, 2009. Zirkle was denied reinstatement in an order issued July 14, 2016.

opportunity for a super appeal, but rather, provide the opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal." *Turner v. State*, 974 N.E.2d 575, 581 (Ind. Ct. App. 2012), *trans. denied.* We may not reweigh the evidence or reassess the credibility of the witnesses and we consider only the evidence and reasonable inferences supporting the judgment. *Hall v. State*, 849 N.E.2d 466, 468 (Ind. 2006). The petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Strowmatt v. State*, 779 N.E.2d 971, 975 (Ind. Ct. App. 2002).

[7] Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we cannot affirm the judgment on any legal basis, but rather, must determine if the court's findings are sufficient to support its judgment. *Graham v. State*, 941 N.E.2d 1091, 1096 (Ind. Ct. App. 2011), *aff'd on reh'g,* 947 N.E.2d 962. We review the post-conviction court's factual findings under a clearly erroneous standard. *Id.*

## II. Ineffective Assistance of Appellate Counsel

[8] Ortiz claims he was denied the effective assistance of appellate counsel. A claim of ineffective assistance of counsel is proper grounds for post-conviction proceedings. *Hampton v. State*, 961 N.E.2d 480, 491 (Ind. 2012). The standard by which we review such claims is well established. In order to prevail on a claim of this nature, a petitioner must satisfy a two-pronged test, showing that

(1) counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) there is a reasonable probability that, *but for* counsel's errors the result of the proceeding would have been different. *Jervis v. State*, 28 N.E.3d 361, 365 (Ind. Ct. App. 2015) (citing *Strickland v. Washington*, 466 U.S. 668, 690, 694 (1984)), *trans. denied.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Although the two prongs of the *Strickland* test—performance and prejudice—are separate and distinct inquiries, failure to satisfy either prong will cause the claim to fail. *Henley v. State*, 881 N.E.2d 639, 645 (Ind. 2008). Therefore, if we can easily dismiss an ineffective assistance claim based upon the prejudice prong, we may do so without addressing whether counsel's performance was deficient. *Id.*

[9] Moreover, we afford counsel "considerable discretion in choosing strategy and tactics, and we will accord those decisions deference." *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001), *cert. denied*, 537 U.S. 839 (2002). We also recognize a strong presumption that counsel's representation was not ineffective, and to overcome such a presumption a petitioner must offer "strong and convincing evidence." *Smith v. State*, 822 N.E.2d 193, 202 (Ind. Ct. App. 2005), *trans. denied*.

[10] In seeking post-conviction relief, Ortiz argues his appellate counsel was ineffective for presenting a claim of ineffective assistance of trial counsel on direct appeal. Generally, a criminal defendant claiming ineffective assistance of trial counsel is at liberty to elect whether to present such a claim on direct

appeal or in post-conviction proceedings. *See Jewell v. State,* 887 N.E.2d 939, 941 (Ind. 2008). "But if raised on direct appeal, the appellate resolution of the issue acts as *res judicata* and precludes its relitigation in subsequent post-conviction relief proceedings." *Thomas v. State,* 797 N.E.2d 752, 754 (Ind. 2003). As a general rule, if an issue was known and available but not presented on direct appeal, the issue is waived. *Craig v. State*, 804 N.E.2d 170, 172 (Ind. Ct. App. 2004). If the issue was presented upon direct appeal, but decided adversely, it is res judicata. *Id.*

## A. Bifurcated Hearing

On appeal, Ortiz alleges the post-conviction court erred in finding there was no evidence to support the prejudice prong of the *Strickland* test because the parties agreed to a bifurcated proceeding and the only issue to be decided was appellate counsel's performance.

Specifically, Ortiz contends,

> the parties agreed that the hearing would deal with only the "competency prong" and reserve the "prejudice prong" for further proceedings dependent of the outcome of the trial court's decision on the "competency prong".

[13]     Appellant's Brief at 8.[4]  We begin by observing there is no written agreement and thus Ortiz relies entirely on comments made by post-conviction counsel at the evidentiary hearing.  There, counsel explained that she understood the State's position was the issues raised on post-conviction relief were barred by res judicata because they were raised—and decided adversely—on direct appeal.  Counsel went on to explain:

> [Counsel:]    In discussing with the State, what I suggested that we do today is I think that this is really almost a question – I mean there's some factual issues but primarily it's a question of the law.  Because the relief that we are asking for today is for the Court to essentially review Mr. Zirkle's work on the direct appeal.  I'm going to take some testimony from my client with respect to that as well.  But essentially the exhibits that I have for the Court I believe demonstrate that Mr. Zirkle was ineffective in raising the claims that he did at the time of the direct appeal.  So essentially I think this is almost a two-tier or a bifurcated type of PCR proceeding because I believe the Court would first have to resolve the issue with respect to whether or not Mr. Zirkle was in fact ineffective to raise those issues.  And if he was, then we are asking the Court to be able to proceed on a PCR on the merits of these issues.
>
> But before we know what the Court's position is with respect to that issue, I do believe that we could proceed to the actual merits.  Because I have reviewed the law, and I am aware that the appellate court, you know, has ruled

---

[4] Ortiz refers to the first prong of the *Strickland* test as the "competency prong."  *Id*.  However, it is more aptly described as the deficient performance prong, or simply the performance prong.  *See, e.g., Henley,* 881 N.E.2d at 645.

that if you raise these issues . . . in a direct appeal, then they are going to be waived for PCR purposes.

The Court:   Okay

[Counsel]:   Again, I had a conversation with the State about that, and I think that we're in agreement that that's what we're asking the Court to do at least for purposes of the hearing today.

* * *

The Court:   So you would agree that the argument you're making is really ineffective assistance but a different theory of ineffective assistance?

[Counsel]:   I'm essentially saying that by Tony Zirkle doing what he did in this direct appeal, I mean on its face, you know, is ineffective. Because they dealt with the issues but they dealt with the issues by saying because Mr. Zirkle did not properly produce this information, we're not even going to be able to consider whether there's sufficient information. Again, I would love to be able to point to a case to say that the appropriate relief in this situation is to allow us to proceed to a PCR on the merits. But I believe this is a pretty unique set of facts. I guess the analogy that I would make is that if appellate counsel was ineffective is raising an issue that could have resulted in a case being re-submitted to the Court for retrial, you know, that essentially that is relief that would be available under that theory. Here we are simply asking for the ability to address the PCR on the merits. So that's the relief that I'm asking the Court to grant after receiving this information.

The Court:     Okay, State?

[State]:        The State is fine with that.

Transcript, Volume 2 at 5, 9-10.

[14]  Ortiz relies on the foregoing exchange to support his position that the parties agreed "that the hearing would deal with only the 'competency prong' and reserve the 'prejudice prong' for further proceedings dependent on the outcome of the [post-conviction] court's decision on the 'competency prong.'" Appellant's Br. at 8. The State argues post-conviction counsel's statements are ambiguous and insufficient to establish Ortiz's claim. We agree with the State for several reasons.

[15]  First, Ortiz invited the post-conviction court to consider prejudice. Ortiz submitted the following findings in his Defendant's Proposed Findings of Fact and Conclusions of Law:

> 6. When applying the Strickland test, this record demonstrates that the defendant did not receive reasonably competent assistance. It further demonstrates that but for Attorney Zirkle's deficient performance there is a reasonable probability that the result of the proceeding would have been different. . . .
>
> * * *
>
> 10. Thus the second prong of Strickland is satisfied, in that has [sic] Attorney Zirkle effectively handled the appellate process, Defendant would still have the opportunity to litigate his claim via the PCR process.

Appellant's Appendix, Volume 2 at 24-25.

[16]     On appeal, Ortiz does not claim the post-conviction court's findings are clearly erroneous for their substance; rather, Ortiz claims the post-conviction court should not have made findings regarding prejudice at all because of an alleged agreement to bifurcate the litigation of the two prongs of the *Strickland* test. To the extent Ortiz now claims the post-conviction court erred by entering such findings, "A party may not invite error, then later argue that the error supports reversal, because error invited by the complaining party is not reversible error." *Booher v. State*, 773 N.E.2d 814, 822 (Ind. 2002). In other words, Ortiz has waived this issue on appeal. *See Wyatt v. Wheeler,* 936 N.E.2d 232, 238 (Ind. Ct. App. 2010) (holding that a party invited error and could not later complain that the court lacked the authority to issue findings of fact after submitting proposed findings of fact and conclusions of law).

[17]     Waiver notwithstanding, we find post-conviction counsel's statements ambiguous and insufficient to establish a bifurcation agreement. Post-conviction counsel requested a "bifurcated type of PCR proceeding" wherein the court would first determine whether appellate counsel "was in fact ineffective" and then, if he was, the court would "proceed on a PCR on the merits of these issues." Tr., Vol. 2 at 5. Post-conviction counsel never mentions either of the two prongs of the *Strickland* test, referring only to a general determination of whether appellate counsel was "ineffective." *Id.* at 5-9. We must conclude then that Ortiz views "ineffective" to be synonymous with the "competency prong" of the *Strickland* test. This is not the case. Only

when both prongs of the *Strickland* test have been established is counsel "ineffective." *See Passwater v. State,* 989 N.E.2d 766, 770 (Ind. 2013). Thus, we find the record does not support an agreement to bifurcate the prongs of the *Strickland* test.

[18] With that said, viewed in the context of relevant case law, post-conviction counsel's statements could be interpreted as a request that the post-conviction court bifurcate Ortiz's ineffective assistance of appellate counsel claim from his claim of ineffective assistance of trial counsel. In *Ben-Yisrayl v. State*, our supreme court explained:

> When the claim of ineffective assistance is directed at *appellate* counsel for failing fully and properly to raise and support a claim of ineffective assistance of *trial* counsel, a defendant faces a compound burden on post-conviction. If the claim relates to issue selection, defense counsel on post-conviction must demonstrate that appellate counsel's performance was deficient and that, but for the deficiency of *appellate* counsel, *trial* counsel's performance would have been found deficient and prejudicial. Thus, the defendant's burden before the post-conviction court was to establish the two elements of ineffective assistance of counsel separately as to both trial and appellate counsel.

738 N.E.2d 253, 261-62 (Ind. 2000).

[19] Applied here, counsel would present evidence regarding appellate counsel and then, if the post-conviction court found appellate counsel rendered ineffective assistance, the court would allow counsel to present evidence supporting Ortiz's claim of ineffective assistance of trial counsel—a claim otherwise barred by res

judicata. This interpretation is more consistent with post-conviction counsel's statements:

> . . . the relief that we are asking for today is for the Court to essentially review Mr. Zirkle's work on the direct appeal . . . the exhibits . . . demonstrate that Mr. Zirkle was ineffective is raising the claims that he did at the time of the direct appeal. So essentially . . . this is almost a two-tier or a bifurcated type of PCR proceeding because I believe the Court would first have to resolve whether or not Mr. Zirkle was in fact ineffective to raise those issues. And if he was, then we are asking the Court to be able to proceed on a PCR on the merits of these issues.

Tr., Vol. 2 at 5.

[20] But, if that was indeed post-conviction counsel's request, Ortiz's argument on appeal misunderstands the relevant law. Ortiz contends, "the hearing would deal with only the 'competency prong' and reserve the 'prejudice prong' for further proceedings[.]" Appellant's Br. at 8. Pursuant to *Ben-Yisrayl*, however, a petitioner is required to establish both prongs of the *Strickland* test "separately as to both trial and appellate counsel." 738 N.E.2d at 262. Therefore, even assuming the record supported an agreement for bifurcated proceeding pursuant to *Ben-Yisrayl*, Ortiz would still have failed to satisfy his burden regarding appellate counsel.

## B. Prejudice

[21] Setting aside Ortiz's argument regarding bifurcation, we cannot say the post-conviction court's findings are clearly erroneous.

[22] In addition to Ortiz's argument that appellate counsel's performance was facially deficient in presenting the claim of ineffective assistance of trial counsel on direct appeal, Ortiz also argued appellate counsel was ineffective for inadequately presenting evidence of two of his claims on direct appeal. Both of these claims—ineffective assistance of trial counsel and an allegation of a *Brady* violation—stem from the State's failure to provide trial counsel with the victim's medical records.[5] Appellate counsel included the victim's medical records in the Appellant's Brief and the Appellant's Appendix. However, these medical records were never properly admitted to the record and we granted the State's motion to strike the medical records. *Ortiz,* No. 71A03-0607-CR-314 at *2. Therefore, we had no basis for evaluating Ortiz's claims. *Id.* at *2, 5. Nevertheless, we concluded even if we assume the medical records were favorable to Ortiz's position, he still failed to establish prejudice because:

> The examination took place two years after the molestation ended. The investigating detective testified that, where a child delays in disclosing a molestation, a "very low" percentage of those cases result in physical findings in the medical examination. Ortiz has failed to demonstrate that there is a reasonable probability that, but for [trial counsel's] failure to file a motion to correct error regarding the medical records, the result of the proceeding would have been different.

---

[5] Ortiz's ineffective assistance of trial counsel claim on direct appeal alleged trial counsel was ineffective for failing to file a motion to correct error based on newly discovered evidence—namely the victim's medical records. *Ortiz,* No. 71A03-0607-CR-314 at *5.

*Id.* at *5 (citation omitted). Similarly, the post-conviction court found, "Assuming Zirkle's performance fell below an objective standard of reasonableness, Ortiz has failed to demonstrate that this failure prejudiced the outcome of his appeal." Appealed Order at 4. Presented with essentially the same argument as on direct appeal, we find no reason for the result to be different. Ortiz has failed to present evidence sufficient to undermine confidence in the outcome his appeal and we therefore conclude the post-conviction court's finding is not clearly erroneous.

[23] Ortiz also provided evidence regarding appellate counsel's performance at the evidentiary hearing. Ortiz presented the published order suspending appellate counsel from the practice of law and the brief appellate counsel filed on his behalf—a brief Ortiz alleges he never received. Ortiz also testified that he never communicated with appellate counsel and that had he known issues presented on direct appeal would be waived on post-conviction relief, he would not have consented to appellate counsel raising the issues. *See* Appealed Order at 5, n.4.

[24] Presented with the foregoing evidence, the post-conviction court again relied on the absence of prejudice as the basis of its decision, concluding:

> Even if the numerous other failings of Zirkle listed by the Petitioner are true and point to conduct that falls below an objective standard of reasonableness, they fail to demonstrate that the outcome of his appeal would be different.

Appealed Order at 5.

Although we cannot say the post-conviction court's finding is clearly erroneous, we must take this opportunity to emphasize the appropriate standard. Our supreme court recently explained in *Middleton v. State,* that in order to establish prejudice from counsel's deficient performance, a petitioner need only show "a *reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would be different." 72 N.E.3d 891, 891 (Ind. 2017) (quoting *Strickland,* 466 U.S. at 694). Ortiz was therefore only required to undermine confidence in his direct appeal's outcome, not demonstrate the outcome of his appeal would be different. *See, e.g., Campbell v. State,* 19 N.E.3d 271, 274 (Ind. 2014).

Regardless, we still find Ortiz failed to demonstrate a reasonable probability that the result of his appeal would be different and, as concluded above, the record does not support an agreement for a bifurcated proceeding. Accordingly, Ortiz's claim of ineffective assistance of appellate counsel must fail. *Henley,* 881 N.E.2d 639 at 645 ("failure to satisfy either prong will cause the claim to fail").

# Conclusion

For the foregoing reasons, Ortiz has failed to establish the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. We therefore affirm.

Affirmed.

Riley, J., and Pyle, J., concur.