## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2018, 7:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Crawford,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

June 26, 2018

Court of Appeals Case No.
32A01-1710-PC-2487

Appeal from the Hendricks Superior Court

The Honorable Robert W. Freese, Judge

Trial Court Cause No.
32D01-1501-PC-2

**Crone, Judge.**

# Case Summary

[1] James Crawford appeals the denial of his petition for post-conviction relief. He contends that the post-conviction court clearly erred in determining that he failed to demonstrate that he received the ineffective assistance of trial counsel. Concluding that Crawford has not met his burden to prove that he received ineffective assistance, we affirm.

# Facts and Procedural History

[2] On January 23, 2006, Crawford and his brother (collectively "the Brothers") were each charged with six counts of class B felony robbery (six different victims), seven counts of class D felony theft, and six counts of class D felony criminal recklessness, for a total of nineteen counts. The Brothers originally hired attorney John Moss to represent them, but after he repeatedly failed to appear for hearings, the Brothers hired attorney Joseph Thoms to represent them.

[3] Prior to trial, attorney Thoms negotiated a plea deal with the deputy prosecutor which would have resulted in a fourteen-year prison sentence for each of the Brothers. Despite the strong recommendation from their attorney that they should accept the deal, the Brothers rejected the plea agreement. The Brothers waived the right to a jury trial, both orally and in writing, and the case proceeded to a bench trial on August 31, 2007.

[4] During trial, the State called eight witnesses which included the six alleged armed robbery victims, the owner of the handgun used to facilitate the

robberies, and the police detective assigned to the case. Robbery victim Samantha Stevenson testified that one of the Brothers pointed a gun and ordered the six victims to get on the floor on their stomachs. She was five months pregnant at the time, so it was difficult for her to stay on her stomach, but one of the Brothers kept yelling at her and nudged her with his foot. One of the Brothers took her engagement and wedding rings off her finger. One of the Brothers kicked her hand. The Brothers repeatedly threatened to kill the six victims. Several of the victims testified that Crawford and his brother passed the gun back and forth during the robbery and that Crawford pointed the gun right at their heads.

[5] At the trial's conclusion, the court found the Brothers guilty of six counts of class B felony robbery and six counts of class D felony theft. The trial court found the Brothers not guilty of one count of class D felony theft and not guilty of the six counts of class D felony criminal recklessness. The court sentenced Crawford to the advisory sentence of ten years on each robbery count, to be served consecutively, and six months for each theft count, to be served concurrently with each other and with the sentences on the robbery counts, for an aggregate sentence of sixty years' imprisonment.

[6] No direct appeal was ever filed, but on January 21, 2015, the Brothers filed separate petitions for post-conviction relief alleging, among other things, that they received ineffective assistance of trial counsel. An evidentiary hearing was held on September 18, 2015. The Brothers called attorney Thoms to testify. Attorney Thoms stated that he met with the Brothers on multiple occasions

prior to trial. He testified that he specifically advised the Brothers that they faced "upwards of 120 years" because the maximum sentence for a class B felony was twenty years and then it would be "times 6." PCR Tr. Vol. 2 at 7. Attorney Thoms testified that, against his clear advice, the Brothers rejected the plea offer that he had negotiated with the State. Attorney Thoms further testified that, due to the overwhelming evidence against the Brothers, he believed the best defense strategy was to challenge the State's case through vigorous cross-examination of the witnesses, and to move for a directed verdict at the conclusion of the State's case, which he did. The Brothers also testified at the hearing.

[7] On September 27, 2017, the post-conviction court entered its findings of fact, conclusions thereon, and order denying Crawford's petition for relief. This appeal ensued.

## Discussion and Decision

[8] The petitioner in a post-conviction proceeding has the burden of establishing grounds for relief by a preponderance of the evidence. *Ellis v. State*, 67 N.E.3d 643, 646 (Ind. 2017). When appealing the denial of a petition for post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* To prevail on appeal, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* Where, as here, the post-conviction court makes findings of fact and conclusions of law as required by Indiana Post-Conviction Rule 1(6), we will reverse its findings only upon a

finding of clear error, namely "that which leaves us with a definite and firm conviction that a mistake has been made." *Id*. (citation omitted). We will not reweigh the evidence or judge the credibility of witnesses, and will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. *Hinesley v. State*, 999 N.E.2d 975, 981 (Ind. Ct. App. 2013), *trans. denied* (2014).

[9] When evaluating an ineffective assistance of counsel claim, we apply the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Humphrey v. State*, 73 N.E.3d 677, 682 (Ind. 2017). "To satisfy the first prong, 'the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment.'" *Id*. (quoting *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002)). To satisfy the second prong, the defendant must show prejudice. *Id*. To demonstrate prejudice from counsel's deficient performance, a petitioner need only show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Middleton v. State*, 72 N.E.3d 891, 891-92 (Ind. 2017) (emphasis and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

[10] Isolated poor strategy, inexperience, or bad tactics does not necessarily constitute ineffective assistance. *Hinesley*, 999 N.E.2d at 982. When considering a claim of ineffective assistance of counsel, we strongly presume "that counsel rendered adequate assistance and made all significant decisions in

the exercise of reasonable professional judgment." *Id*. (citation omitted). We presume that counsel performed effectively, and a defendant must offer strong and convincing evidence to overcome this presumption. *Id*.

[11] We must acknowledge that the judge who presided over Crawford's bench trial is also the judge who presided over the post-conviction proceedings, and therefore the post-conviction court's findings and judgment are entitled to "greater than usual deference." *Id.* (quoting *McCullough v. State*, 973 N.E.2d 62, 75 (Ind. Ct. App. 2012), *trans. denied* (2013)). Indeed, we have explained that, in such a case, the judge is uniquely situated to assess whether trial counsel's performance fell below an objective standard of reasonableness and whether, but for counsel's unprofessional conduct, there was a reasonable probability that a different verdict would have been reached. *Id*.

[12] Crawford first argues that trial counsel was ineffective for failing to correctly advise him of the potential sentence he faced and failing to ensure that he "knowingly and intelligently rejected the plea agreement offered by the prosecution." Appellant's Br. at 16. However, this issue was not raised in Crawford's petition for post-conviction relief and was therefore properly determined by the post-conviction court to be waived. Accordingly, the issue is not available for appellate review.[1] *See Pruitt v. State*, 903 N.E.2d 899, 906 (Ind.

---

[1] Waiver notwithstanding, attorney Thoms testified unequivocally that he advised Crawford of the potential lengthy sentence that he faced and further advised Crawford to accept the plea agreement. We are unpersuaded that the trial court's misstatement regarding the maximum possible sentence that occurred at the beginning of the bench trial and *after* Crawford had already rejected the plea agreement in writing had any

2009) ("Issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal.") (quoting *Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001)).

[13] Crawford also questions the adequacy of counsel's trial preparation and chosen defense strategy, asserting that counsel was ineffective in failing to proffer a "fake robbery" defense and argue that the Brothers arranged the whole incident with one of the alleged victims. Appellant's Br. at 25. Specifically, Crawford claims that attorney Thoms failed to obtain his former attorney's files (including depositions) or spend sufficient time with the Brothers to prepare the "fake robbery" defense. The post-conviction court found:

> 38. Regarding the depositions, attorney Thoms stated that he was unsuccessful in attempting to get attorney Moss to turn over his files or the depositions. Attorney Moss had a history of failing to appear in court. Attorney Thoms admitted that he did not attempt to obtain a copy from the Court's file. Nevertheless, Petitioners have failed to demonstrate how knowledge of the contents of the depositions would have resulted in an acquittal. The evidence in this case was very strong. All six armed robbery victims testified that [the Brothers] robbed them. Minor inconsistencies in their testimony did not refute or lessen the overwhelming conclusion that the Brothers robbed them at gunpoint. At the PCR hearing, both Brothers admitted to committing the armed robbery.

---

effect on his decision to reject the agreement. Crawford has shown neither that counsel performed deficiently nor that such performance prejudiced him.

39. The "pretend robbery" defense claimed by [Crawford] had obvious limitations and drawbacks starting with the fact that the alleged agreement to fake a robbery would have only applied to one person and not to the other five people who were robbe[d] at gunpoint. Furthermore, at the PCR hearing, [Crawford] admitted that it turned into a real robbery. His brother never thought it to be anything else. The Brothers had no real defense to their crimes. Nevertheless, attorney Thoms assisted them in the exercise of their constitutional right to make the state prove its case beyond a reasonable doubt. This court will not second-guess matters of strategy by trial counsel.

40. Attorney Thoms subjected the State's case to adversarial testing and his performance did not fall below an objective standard of reasonableness based upon prevailing professional norms. Petitioners have failed to prove ineffective assistance of counsel.

Appealed Order at 7-8.

[14]    As found by the post-conviction court, Crawford has failed to present strong and convincing evidence to overcome the presumption that counsel was adequately prepared for trial or that it is reasonably probable that additional preparation (such as obtaining the depositions) would have resulted in a different verdict. Attorney Thoms testified that he met with the Brothers on multiple occasions, conducted discovery, and was adequately prepared for trial. He believed that the evidence against the Brothers was overwhelming and that the best defense strategy was to challenge the State's case through vigorous cross-examination of the witnesses. It is well settled that choice of defense theory is a matter of trial strategy, and trial strategy "is not subject to attack

through an ineffective assistance of counsel claim, unless the strategy is so deficient or unreasonable as to fall outside of the objective standard of reasonableness." *Benefield v. State*, 945 N.E.2d 791, 799 (Ind. Ct. App. 2011). The post-conviction court concluded that attorney Thoms's performance did not fall below an objective standard of reasonableness in this regard, and Crawford has not shown that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion. Accordingly, we affirm the denial of his petition for relief.

[15] Affirmed.

Bailey, J., and Brown, J., concur.