



FILED

Apr 02 2025, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Kerry Silvers,

*Appellant-Petitioner*

v.

State of Indiana,

*Appellee-Respondent*

---

April 2, 2025

Court of Appeals Case No.
24A-PC-277

Appeal from the Lawrence Superior Court

The Honorable Robert R. Cline, Judge

Trial Court Cause No.
47D02-1909-PC-001834

---

**Opinion on Rehearing by Judge Felix**
Judges Pyle and Weissmann concur.

**Felix, Judge.**

The State has filed a petition for rehearing from our opinion in which we affirmed the denial of Kerry Silvers's petition for post-conviction relief. *See Silvers v. State*, 250 N.E.3d 511 (Ind. Ct. App. 2025). In its petition, the State contends that we applied the incorrect standard in assessing any prejudice that may have resulted from Silvers's trial counsel's allegedly deficient performance. In response, Silvers agrees with the State's contention and also challenges several of our conclusions regarding the merits of his ineffective assistance of counsel claims.

We agree that we misstated *Strickland*'s prejudice standard. "[T]o demonstrate prejudice from counsel's deficient performance, a petitioner need only show 'a *reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Middleton v. State*, 72 N.E.3d 891, 891 (Ind. 2017) (emphasis in original) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 891–92 (quoting *Strickland*, 466 U.S. at 694) (citing *Campbell v. State*, 19 N.E.3d 271, 274 (Ind. 2014); *Wilkes v. State*, 984 N.E.2d 1236, 1241 (Ind. 2013)). In our original opinion in this case, we omitted the "reasonable probability" language from our recitation of *Strickland*'s prejudice standard. *See Silvers*, 250 N.E.3d at 521–22 (quoting *Bobadilla v. State*, 117 N.E.3d 1272, 1280 (Ind. 2019)).

[3] However, our misstatement does not change our conclusions regarding Silvers's ineffective assistance of counsel claims. For all the reasons set forth in our original opinion, Silvers has not shown a reasonable probability existed that but for his trial counsel's alleged errors, the result of his trial would have been different. Thus, while we grant this petition to address the State's argument, with these comments, we affirm our original opinion.

Pyle, J., and Weissmann, J., concur.

ATTORNEY FOR APPELLANT

Victoria Bailey Casanova
Casanova Legal Services, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Daylon L. Welliver
Deputy Attorney General
Indianapolis, Indiana